M. Craig Tyler (*Pro Hac Vice pending*)
Texas Bar No. 794762
CTyler@perkinscoie.com
PERKINS COIE LLP
405 Colorado St., Suite 1700
Austin, Texas 78701
Tel.: 737.256.6100

Daniel T. Shvodian
California Bar No. 184576
DShvodian@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel: 650.838.4300

R. Tyler Kendrick (*Pro Hac Vice pending*)
Washington Bar No. 55094
RKendrick@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Ste 4900
Seattle, WA 98101
Tel.: 206.359.8000

*Attorneys for Plaintiff*
*AUO Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUO CORPORATION,<br><br>        Plaintiff,<br><br>      v.<br><br>TRIVALE TECHNOLOGIES, LLC; AND<br>IPVALUE MANAGEMENT, INC.,<br><br>        Defendants. | Case No. 5:26-cv-1739<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

I.    **INTRODUCTION**

1.      This Complaint for declaratory judgment of noninfringement and invalidity ("Declaratory Judgment Complaint") arises from a real and immediate controversy between Plaintiff AUO Corporation ("AUO"), and Defendants Trivale Technologies, LLC ("Trivale") and IPValue Management, Inc. ("IPValue") (collectively, "Defendants"), as to whether AUO infringes any claims of: U.S. Patent No. 7,525,625 ("'625 patent"; Exhibit 1); U.S. Patent No. 8,319,928 ("'928 patent"; Exhibit 2); U.S. Patent No. 8,710,509 ("'509 patent"; Exhibit 3); U.S. Patent No. 8,717,524 ("'524 patent"; Exhibit 4); U.S. Patent No. 10,401,996 ("'996 patent"; Exhibit 5); U.S. Patent No. 10,444,584 ("'584 patent"; Exhibit 6); U.S. Patent No. 7,630,049 ("'049 patent"; Exhibit 7); U.S. Patent No. 7,812,908 ("'908 patent"; Exhibit 8); U.S. Patent No. 7,816,693 ("'693 patent"; Exhibit 9) and U.S. Patent No. 8,039,852 ("'852 patent"; Exhibit 10) (collectively, "the Patents-in-Suit").

2.      Defendants have alleged in correspondence with AUO and/or its customers that certain products infringe the Patents-in-Suit.  AUO and/or its customers tried to address the infringement allegations without resorting to litigation by responding to Defendants and explaining why AUO's accused products do not infringe and/or why the Patents-in-Suit are invalid.  Defendants, however, continue to maintain that the Patents-in-Suit are valid and infringed.

3.      AUO believes that neither it nor its customers have directly or indirectly infringed any claim of the Patents-in-Suit.  AUO further believes that the Patents-in-Suit are invalid.

4.      Defendants' actions have created a real and immediate controversy between Defendants and AUO as to whether AUO's products directly or indirectly infringe any claims of the Patents-in-Suit.  The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning this issue.

II.    **PARTIES**

5.      Plaintiff AUO is a company incorporated under the laws of Taiwan with headquarters at No. 1, Li-Hsin Road 2, Hsinchu Science Park, Hsinchu City, 300094, Taiwan.

6.      On information and belief, Defendant Trivale is a company incorporated under the laws of Delaware with headquarters at 2880 Lakeside Drive, Suite 320, Santa Clara, CA 95054.

COMPLAINT FOR DECLARATORY
JUDGMENT

7. On information and belief, Defendant IPValue is a company incorporated under the laws of Delaware with its principal place of business at 2880 Lakeside Drive, Suite 320, Santa Clara, CA 95054.

## III. JURISDICTION AND VENUE

8. This Declaratory Judgment Complaint includes a count for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

9. AUO seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

10. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because Defendants accused AUO products or products of AUO's customers that incorporate AUO products of infringement based on technology provided by AUO. Specifically, in a May 8, 2023, letter from Andres Diaz, General Manager of Trivale, to AUO Corporation, Trivale forwarded three letters that it allegedly tried to previously send to AUO. The first attached letter, dated February 28, 2023, from Mr. Diaz to AUO Corporation, asserted that AUO's products "incorporate and use features and functionalities covered by various Trivale patents including, for example, the ten (10) patents and referenced products identified in the table included at the end of this letter (Table 1)." Table 1 alleged that AUO and/or its customers infringed, *inter alia*, the '625 patent, the '928 patent, the '509 patent, the '524 patent, and the '996 patent. The second attached and third attached letters, both dated February 28, 2023, contained the same infringement allegations.

12. Specifically, the allegations from the enclosures of Trivale's May 8, 2023, letter included, *inter alia*, that:

COMPLAINT FOR DECLARATORY
JUDGMENT

- "AUO B156HAN02.5 panels and modules (e.g., found in Lenovo Yoga 7 (or 7i) 15ITL5 notebooks)," "AUO T500QVN04.5 panels and modules (e.g., found in Samsung The Frame 50-inch QN50LS03AAF TVs)," "all other AUO 1920x1080 LCD panels and modules," and "all other AUO 3840x2160 LCD panels and modules" infringe the '625 patent;

- "AUO B156HAN02.5 panels and modules (e.g., found in Lenovo Yoga 7 (or 7i) 15ITL5 notebooks)," and "all other AUO 1920x1080 LCD panels and modules" infringe the '928 patent;

- "AUO B156HAN02.5 panels and modules (e.g., found in Lenovo Yoga 7 (or 7i) 15ITL5 notebooks)," and "all other AUO 1920x1080 LCD panels and modules" infringe the '509 patent;

- "AUO B156HAN02.5 panels and modules (e.g., found in Lenovo Yoga 7 (or 7i) 15ITL5 notebooks)," and "all other AUO 1920x1080 LCD panels and modules" infringe the '524 patent; and

- "AUO B156HAN02.5 panels and modules (e.g., found in Lenovo Yoga 7 (or 7i) 15ITL5 notebooks)," and "all other AUO 1920x1080 LCD panels and modules with touchscreens" infringe the '996 patent.

13.     In a June 7, 2023, letter from Andres Diaz, General Manager of Trivale, to "Lenovo Group Limited and/or their affiliated companies (collectively, 'Lenovo')," Trivale accused Lenovo of infringing a number of Trivale patents, including the '625 patent, the '928 patent, the '509 patent, the '524 patent, and the '996 patent.  Trivale asserted infringement by specific Lenovo products that contain "AUO LCD panels and modules (e.g., B156HAN02.5)" and "all other Lenovo note-books with AUO LCD panels and modules."  In that letter, Trivale also referenced attempts to contact AUO directly about the alleged infringement.

14.     In a June 7, 2023, letter from Andres Diaz, General Manager of Trivale, to "Sam-sung Electronics America, Inc. and/or their affiliated companies (collectively, 'Samsung Electron-ics')," Trivale accused Samsung Electronics of infringing a number of Trivale patents, including the '625 patent.  Trivale asserted infringement by specific Samsung products that contain "AUO LCD panels and modules (e.g., T500QVN4.5)" and "all other Samsung Electronics TVs with AUO

COMPLAINT FOR DECLARATORY
JUDGMENT

LCD panels and modules."  In that letter, Trivale also referenced attempts to contact AUO directly about the alleged infringement.

15.    In response to correspondence from Trivale to AUO and its customers, counsel for AUO wrote Trivale on July 31, 2023.  AUO explained that Trivale's correspondence lacked detail regarding any alleged infringement that would be necessary for AUO to adequately assess Trivale's infringement allegations.  AUO also explained why its products do not meet at least one limitation of the claims of the '625 patent.

16.    On August 14, 2023, Joseph Villela of IPValue sent several emails to Craig Tyler, counsel for AUO, and attached pdfs of slide decks in which IPValue and Trivale allege that various products incorporating AUO display panels and products infringe Trivale patents.  In those attached slide decks, Trivale and IPValue made, *inter alia*, the following infringement allegations:

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '996 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '928 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '509 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '524 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '625 patent; and

- "Samsung The Frame 50-inch TV with AUO Module/Panel" infringes the '625 patent.

17.    On January 19, 2024, Richard Misiag of IPValue emailed Craig Tyler, counsel for AUO, and attached eight revised pdfs of slide decks in which IPValue and Trivale allege that various products incorporating AUO display panels and products infringe Trivale patents.  In those attached slide decks, Trivale and IPValue made, *inter alia*, the following infringement allegations:

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '928 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '509 patent;

The letter also attached letters that IPValue and Trivale sent to AUO customers Lenovo and Samsung and alleged that the customers' products that used AUO display panels infringed Trivale's patents.  Those letters included, *inter alia*, the following allegations:

- "Lenovo Yoga 7 (or 7i) notebooks (e.g., 15ITL5) with AUO LCD panels and modules (e.g., B156HAN02.5)" and "all other Lenovo notebooks with AUO LCD panels and modules" infringe the '625 patent;

- "Lenovo Yoga 7 (or 7i) notebooks (e.g., 15ITL5) with AUO LCD panels and modules (e.g., B156HAN02.5)" and "all other Lenovo notebooks with AUO LCD panels and modules" infringe the '928 patent;

- "Lenovo Yoga 7 (or 7i) notebooks (e.g., 15ITL5) with AUO LCD panels and modules (e.g., B156HAN02.5)" and "all other Lenovo notebooks with AUO LCD panels and modules" infringe the '509 patent;

- "Lenovo Yoga 7 (or 7i) notebooks (e.g., 15ITL5) with AUO LCD panels and modules (e.g., B156HAN02.5)" and "all other Lenovo notebooks with AUO LCD panels and modules" infringe the '524 patent;

- "Lenovo Yoga 7 (or 7i) notebooks (e.g., 15ITL5) with AUO LCD panels and modules (e.g., B156HAN02.5)" and "all other Lenovo notebooks with AUO LCD panels and modules" infringe the '996 patent;

- "Samsung Electronics The Frame 50-inch TVs (e.g., QN50LS03AAF) with AUO LCD panels and modules (e.g., T500QVN04.5)" and "all other Samsung Electronic TVs with AUO LCD panels and modules" infringe the '625 patent;

18.    On July 19, 2024, Richard Misiag of IPValue emailed Craig Tyler, counsel for AUO, and attached seven rebuttal pdfs asserting that Trivale's patents are valid and infringed. Those allegations included:

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '996 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '928 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '509 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '524 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '625 patent; and

- "Samsung The Frame 50-inch TV with AUO Module/Panel" infringes the '625 patent.

COMPLAINT FOR DECLARATORY JUDGMENT

19.    On January 30, 2025, Richard Misiag of IPValue emailed Craig Tyler, counsel for AUO, and attached seven rebuttal pdfs asserting that Trivale's patents are valid and infringed. Those allegations included:

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '996 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '524 patent;

- "Lenovo Yoga 7 (15ITL5) with AUO Module/Panel" infringes the '625 patent; and

- "Samsung The Frame 50-inch TV with AUO Module/Panel" infringes the '625 patent.

20.    In a June 6, 2025, letter from Andres Diaz, General Manager of Trivale, to ASUS-Tek Computer Inc., Trivale accused ASUSTek of infringing a number of Trivale patents, including the '584 patent.  Trivale asserted infringement by "ASUS 24.5-inch monitors (e.g., PG259QN) with AUO LCD panels and/or modules (e.g., M250HAN03.0)" and "all other ASUS monitors with AUO LCD panels and/or modules."

21.    On June 6, 2025, Richard Misiag of IPValue emailed Craig Tyler, counsel for AUO, and attached several notification letters sent by IPValue to various third parties alleging infringement of Trivale patents based on the use of AUO display panels, and those letters included the June 7, 2023, letter from Trivale to Samsung Electronics and the June 6, 2025, letter from Trivale to ASUSTek.

22.    In a June 6, 2025, letter from Andres Diaz, General Manager of Trivale, to Hyundai Motor Company, Trivale accused Hyundai of infringing two Trivale patents. Those allegations included:

- "2022 Hyundai Genesis GV70 automobiles with AUO LCD panels and/or modules (e.g., C145HAX01.1)" and "all other Hyundai automobiles with AUO LCD panels and/or modules" infringe the '049 patent.

- "2022 Hyundai Genesis GV70 automobiles with AUO LCD panels and/or modules (e.g., C145HAX01.1)" and "all other Hyundai automobiles with AUO LCD panels and/or modules" infringe the '908 patent.

23.    In a June 6, 2025, letter from Andres Diaz, General Manager of Trivale, to Samsung, Trivale accused Samsung of infringing two additional Trivale patents. Those allegations included:

COMPLAINT FOR DECLARATORY
JUDGMENT

- "Samsung Electronics 27-inch monitors (e.g. S27C392EAN) with AUO LCD panels and/or modules (e.g., M270HVR02" and "all other Samsung Electronics monitors with AUO LCD panels and modules" infringe the '693 patent.

- "Samsung Electronics 27-inch monitors (e.g. S27C392EAN) with AUO LCD panels and/or modules (e.g., M270HVR02" and "all other Samsung Electronics monitors with AUO LCD panels and modules" infringe the '852 patent.

24.    On July 10, 2025, Craig Tyler, counsel for AUO, sent a letter to Defendants demanding that, in light of ongoing discussions between AUO and Defendants, that they stop sending harassing letters to AUO's customers regarding alleged infringement based on the customers' incorporation of AUO parts in the customers' products.

25.    On July 15, 2025, Richard Misiag of IPValue emailed Craig Tyler, counsel for AUO, and attached five pdfs with Defendants' response regarding alleged infringement and validity of various patents.  Those allegations included:

- "ASUS 24.5-inch Monitor with AUO Panel/Module" infringes the '584 patent and that "AUO requires a license to the '584 patent."

26.    On August 7, 2025, Andres Diaz, General Manager of Trivale, sent a letter to Craig Tyler, counsel for AUO, stating that Defendants refuse to stop sending letters to AUO's customers accusing them of infringing Trivale's patents unless AUO agrees to accept liability for the alleged infringement.

27.    On February 4, 2026, Richard Misiag of IPValue emailed Craig Tyler, counsel for AUO, stating that AUO had "until the end of the month" (February) to make a meaningful counterproposal to IPValue's offer for a license, which has placed AUO in eminent fear of being sued by Defendants on the patents identified in this Complaint.

28.    Thus, an actual case and controversy exists between the parties regarding whether AUO products or products of AUO's customers that incorporate AUO products infringe the Patents-in-Suit.

29.    Defendant Trivale is subject to general jurisdiction in this Court because Trivale has a place of business at 2880 Lakeside Drive, Suite 320, Santa Clara, CA 95054.  Defendant Trivale

COMPLAINT FOR DECLARATORY JUDGMENT

1    is also subject to specific jurisdiction in this Court because Trivale has sent letters accusing AUO

2    and its customers of infringement from its place of business at 2880 Lakeside Drive, Suite 320,

3    Santa Clara, CA 95054.

4        30.    Defendant IPValue is subject to general jurisdiction in this Court because IPValue

5    has a place of business at 2880 Lakeside Drive, Suite 320, Santa Clara, CA 95054.  Defendant

6    IPValue is also subject to specific jurisdiction in this Court because IPValue has sent letters accus-

7    ing AUO and its customers of infringement from its place of business at 2880 Lakeside Drive, Suite

8    320, Santa Clara, CA 95054.

9        31.    Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because this District is the

10   location where both Defendants are headquartered and/or because a substantial portion of the events

11   at issue in this suit occurred, including the location from which Defendants Trivale and IPValue

12   sent letters accusing AUO and its customers of infringement.

13   **IV.    FACTUAL BACKGROUND**

14       32.    Each of the Patents-in-Suit issued to Mitsubishi Electric Corporation or Mitsubishi

15   Denki Kabushiki Kasisha.

16       33.    Defendant Trivale purports to be the assignee of the Patents-in-Suit.

17       34.    AUO is a global leader in research and development of technology related to flat

18   panel displays used in a wide variety of applications.

19       35.    For each Patent-in-Suit, Defendants have accused AUO and AUO's customers of

20   direct and/or indirect patent infringement under 35 U.S.C. § 271(a) by making, offering for sale,

21   selling, and/or importing liquid crystal displays and/or products containing the same.

**FIRST CLAIM FOR RELIEF**

**Declaratory Judgment of Noninfringement of U.S. Patent No. 7,525,625**

24       36.    The facts and allegations contained in the preceding paragraphs are incorporated

25   herein by reference.

26       37.    In view of the facts and allegations set forth above, there is an actual, justiciable,

27   substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the

28   other, regarding whether AUO's products and services infringe any claims of the '625 patent.

8

38.     AUO does not directly or indirectly infringe and has not directly or indirectly in-fringed any claim of the '625 patent because, for example, no AUO product or service meets or embodies the limitation "the common signal line including at least two conductive layers with at least one of the conductive layers changing a pattern width below a pattern of the sealing member" (claim 1), where claim 1 is the only independent claim of the '625 patent.

39.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '625 patent.

40.     AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '625 patent.

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment of Noninfringement of U.S. Patent No. 8,319,928**

41.     The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

42.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '928 patent.

43.     AUO does not directly or indirectly infringe and has not directly or indirectly in-fringed any claim of the '928 patent because, for example, no AUO product or service meets or embodies the limitations "the source line includes two directions at given inclination angles, the two directions being symmetric about an axis parallel to the gate line" (claims 1 and 17), "the pixel electrode is plate shaped and chevron shaped including two directions at given inclination angles, the two directions included in the pixel electrode being symmetric about an axis parallel to the gate line" (claims 1, 11, and 17), or "the source line includes two directions at given inclination angles symmetric about an axis parallel to the gate line" (claim 11), where claims 1, 11, and 17 are the only independent claims of the '928 patent.

9

44.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '928 patent.

45.     AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '928 patent.

### THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Noninfringement of U.S. Patent No. 8,710,509

46.     The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

47.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '509 patent.

48.     AUO does not directly or indirectly infringe and has not directly or indirectly in- fringed any claim of the '509 patent because, for example, no AUO product or service meets or embodies the limitation "wherein the pixel includes: … a common signal line, which supplies a predetermined common potential, and which is formed at a layer lower than the insulating layer" (claims 1 and 12) or "wherein the signal line is disposed at every two pixels adjacent in a scanning line direction" (claims 1 and 12), where claims 1 and 12 are the only independent claims of the '509 patent.

49.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '509 patent.

50.     AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '509 patent.

### FOURTH CLAIM FOR RELIEF

### Declaratory Judgment of Noninfringement of U.S. Patent No. 8,717,524

51.     The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

COMPLAINT FOR DECLARATORY JUDGMENT

52.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '524 patent.

53.    AUO does not directly or indirectly infringe and has not directly or indirectly infringed any claim of the '524 patent because, for example, no AUO product or service meets or embodies the limitations "alignment layers respectively placed on surfaces of the first substrate and the second substrate in contact with the liquid crystals and having an alignment direction inclined at an inclination angle $\alpha$ where $0<\alpha<90°$ with respect to an extending direction of a gate line" (claim 1), "a polarizing plate placed in the second substrate on a side opposite to the first substrate and having an absorption axis set in the alignment direction or a perpendicular direction to the alignment direction" (claim 1), "each of the plurality of pixels is divided into a first region and a second region by a boundary line that extends in the alignment direction or the perpendicular direction" (claim 1), or "a plurality of first slits placed in the first region on one side of the boundary line and inclined at an angle $\theta$ to a given direction with respect to a longitudinal direction of the boundary line, and a plurality of second slits placed in a second region on another side of the boundary line opposite to the first region and inclined at the angle $\theta$ to a direction opposite to the given direction with respect to the longitudinal direction of the boundary line, and wherein the angle $\theta$ is in a range of 1° to 20°" (claim 1), where claim 1 is the only independent claim of the '524 patent.

54.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '524 patent.

55.    AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '524 patent.

## FIFTH CLAIM FOR RELIEF

## Declaratory Judgment of Noninfringement of U.S. Patent No. 10,401,996

56.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

57.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '996 patent.

58.     AUO does not directly or indirectly infringe and has not directly or indirectly infringed any claim of the '996 patent because, for example, no AUO product or service meets or embodies the limitations "an upper wire made of a conductive metal material" (claims 1 and 6), "an arrangement interval between said upper wire and said lower wire in plan view is smaller than a thickness of said first substrate and is between 0.1 mm to 1 mm" (claims 1 and 6), "a touch screen portion that includes a lower wire and an upper wire made of a conductive metal material, that includes an interlayer insulating film located between said lower wire and said upper wire, and that includes a protective film covering said lower wire, said upper wire, and said interlayer insulating film," (claims 1 and 6), "said lower wire of said touch screen portion is formed on said first surface of said first substrate and said upper wire is formed above said lower wire and said first surface of said substrate" (claims 1 and 6), or "a detection circuit detecting a position indicated by an indicator based on an electrostatic capacitance formed between said indicator, and said lower wire and said upper wire" (claim 3), where claims 1 and 6 are the only independent claims of the '996 patent.

59.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '996 patent.

60.     AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '996 patent.

**SIXTH CLAIM FOR RELIEF**

**Declaratory Judgment of Noninfringement of U.S. Patent No. 10,444,584**

61.     The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

62.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '584 patent.

63.    AUO does not directly or indirectly infringe and has not directly or indirectly in-fringed any claim of the '584 patent because, for example, no AUO product or service meets or embodies the limitations "a pixel electrode directly stacked on the extension portion of the drain electrode" (claim 1), or "wherein an end side of the extension portion of the drain electrode coin-cides with an end side of the pixel electrode" (claim 1), where claim 1 is the only independent claim of the '584 patent.

64.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '584 patent.

65.    AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '584 patent.

## SEVENTH CLAIM FOR RELIEF

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,630,049

66.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

67.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '049 patent.

68.    AUO does not directly or indirectly infringe and has not directly or indirectly in-fringed any claim of the '049 patent because, for example, no AUO product or service meets or embodies the limitations "a protective film formed on the transparent conductive film in a region other than the display region to prevent malformation of the transparent conductive thin film and the lower layer film, wherein an organic layer is formed beneath the lower layer film" (claim 1), or "forming a protective film on the transparent conductive film in a region other than the display region to prevent malformation of the transparent conductive thin film and the lower layer film, wherein an organic layer is formed beneath the lower layer film" (claim 4), where claims 1 and 4 are the only independent claims of the '049 patent.

COMPLAINT FOR DECLARATORY
JUDGMENT

69.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '049 patent.

70.    AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '049 patent.

**EIGHTH CLAIM FOR RELIEF**

**Declaratory Judgment of Noninfringement of U.S. Patent No. 7,812,908**

71.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

72.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '908 patent.

73.    AUO does not directly or indirectly infringe and has not directly or indirectly infringed any claim of the '908 patent because, for example, no AUO product or service meets or embodies the limitations "at least one film pattern which is formed over the substrate and extends to an outside of the display area, wherein at least a portion of a perimeter of the at least one film pattern has a waveform shape, the waveform shape being a continuous line of a plurality of arcs extending in each of a first direction and a second direction, such that an end of a first arc, which is arcing in the first direction, is continuously connected to an end of a successive second arc, which is arcing in the second direction opposite that of the first direction of the first arc, the waveform shape being located in a vicinity of at least one of the corner portions of the display area" (claim 1), "at least one film pattern which is formed over the substrate and extends to an outside of the display area, an entire perimeter of the at least one film pattern having a waveform shape, the waveform shape being a continuous line of a plurality of arcs extending in each of a first direction and a second direction, such that an end of a first arc, which is arcing in the first direction, is continuously connected to an end of a successive second arc, which is arcing in the second direction opposite that of the first direction of the first arc" (claim 8), or "forming a first film pattern over the substrate so that it extends to an outside of a display area of the substrate, wherein a perimeter

COMPLAINT FOR DECLARATORY
JUDGMENT

of the first film pattern has a waveform shape, the waveform shape being a continuous line of a plurality of arcs extending in each of a first direction and a second direction, such that an end of a first arc, that is arcing in the first direction, is continuously connected to an end of a successive second arc that is arcing in the second direction opposite that of the first direction of the first arc, the waveform shape located in a vicinity of at least one of a plurality of corner portions of the display area" (claim 12), where claims 1, 8, and 12 are the only independent claims of the '908 patent.

74.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '908 patent.

75.    AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '908 patent.

**NINTH CLAIM FOR RELIEF**

**Declaratory Judgment of Noninfringement of U.S. Patent No. 7,816,693**

76.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

77.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '693 patent.

78.    AUO does not directly or indirectly infringe and has not directly or indirectly infringed any claim of the '693 patent because, for example, no AUO product or service meets or embodies the limitations "a second insulating film formed on the second conductive layer and having at least two layers" (claim 1), "common electrode wiring provided below the sealing pattern and electrically connected to the counter electrode by the sealing pattern" (claim 1), "the sealing pattern overlaps the second conductive layer via the second insulating film" (claim 1), or "the common electrode wiring and the sealing pattern are electrically connected to each other via a contact hole arranged at the overlapping region, the contact hole formed in the first insulating film" (claim 1), where claim 1 is the only independent claim of the '693 patent.

COMPLAINT FOR DECLARATORY
JUDGMENT

79.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '693 patent.

80.     AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '693 patent.

## TENTH CLAIM FOR RELIEF

### Declaratory Judgment of Noninfringement of U.S. Patent No. 8,039,852

81.     The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

82.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services infringe any claims of the '852 patent.

83.     AUO does not directly or indirectly infringe and has not directly or indirectly in-fringed any claim of the '852 patent because, for example, no AUO product or service meets or embodies the limitations "a second insulating film formed on the second conductive layer and hav-ing at least two layers" (claim 1), "common electrode wiring provided below the sealing pattern and electrically connected to the counter electrode by the sealing pattern" (claim 1), "the sealing pattern overlaps the second conductive layer via the second insulating film" (claim 1), "the sealing pattern overlaps the common electrode wiring in an overlapping region when viewed in a vertical direction" (claim 1), or "the sealing pattern and the common electrode wiring are electrically con-nected to each other via a first contact hole that is located at the overlapping region" (claim 1), where claim 1 is the only independent claim of the '852 patent.

84.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether AUO's products and services directly or indirectly infringe any claims of the '852 patent.

85.     AUO is entitled to a judgment declaring that no AUO products or services directly or indirectly infringe the '852 patent

COMPLAINT FOR DECLARATORY
JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ELEVENTH CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,525,625**

86.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

87.    The claims of the '625 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '625 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights to later assert additional invalidity arguments, the '625 patent is invalid in light of the disclosure of U.S. Pat. No. 5,684,555, Japanese Pat. Pub. No. JP1999202366, Japanese Pat. Pub. No. JP2004361488, and/or Japanese Pat. Pub. No. JP2000056319.  As another non-limiting example, AUO had at least one product on sale before the earliest priority date of the '625 patent, the B15XG05, that renders the '625 patent invalid.

88.    As a result of the facts and allegations set forth above, there exists an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '625 patent is invalid.

89.    AUO is entitled to a judgment declaring that the claims of the '625 patent are invalid.

**TWELFTH CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,319,928**

90.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

91.    The claims of the '928 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '928 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights to later assert additional invalidity arguments, the '928 patent is invalid in light of the disclosures of Chinese Pat. Pub. No. CN101101418, U.S. Pat. Pub. No. 2003/0043327, Japanese Pat. Pub. No. JP2007164200, Japanese Pat. Pub. No. JP2005283691, and/or Taiwanese Pat. Pub. No. TWI341033B.

17

92.     As a result of the facts and allegations set forth above, there exists an actual, justi-ciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '928 patent is invalid.

93.     AUO is entitled to a judgment declaring that the claims of the '928 patent are invalid.

**THIRTEENTH CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,710,509**

94.     The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

95.     The claims of the '509 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '509 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights to later assert additional invalidity arguments, the '509 patent is invalid in light of the disclosure of U.S. Pat. Pub. No. 2010/0225859, U.S. Pat. Pub. No. 2009/0225267, Japanese Pat. Pub. No. JP2010002448, U.S. Pat. Pub. No. 2010/0109994, U.S. Pat. Pub. No. 2002/0126241, U.S. Pat. Pub. No. 2009/0225267, U.S. Pat. Pub. No. 2009/0108259, and/or applicant admitted prior art.

96.     As a result of the facts and allegations set forth above, there exists an actual, justi-ciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '509 patent is invalid.

97.     AUO is entitled to a judgment declaring that the claims of the '509 patent are invalid.

**FOURTEENTH CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,717,524**

98.     The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

99.     The claims of the '524 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '524 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights to later assert additional invalidity arguments, the '524 patent is invalid in light of the disclosures

1  of U.S. Pat. Pub. No. 2007/0279567, U.S. Pat. Pub. No. 2002/0041354, U.S. Pat. Pub. No.

2  2009/0015762, and/or applicant admitted prior art.

3        100.    As a result of the facts and allegations set forth above, there exists an actual, justi-

4  ciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on

5  the other, regarding whether any claim of the '524 patent is invalid.

6        101.    AUO is entitled to a judgment declaring that the claims of the '524 patent are invalid.

7                          **FIFTEENTH CLAIM FOR RELIEF**

8           **Declaratory Judgment of Invalidity of U.S. Patent No. 10,401,996**

9        102.    The facts and allegations contained in the preceding paragraphs are incorporated

10  herein by reference.

11        103.    The claims of the '996 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103,

12  and/or 112.  The claims of the '996 patent do not recite an inventive concept, method, or system

13  that was not already found in the prior art.  By way of example and without limiting AUO's rights

14  to later assert additional invalidity arguments, the '996 patent is invalid in light of the disclosures

15  of Japanese Pat. Pub. JP2013045261, European Pat. No. EP2765490, and/or Japanese Pat. Pub.

16  JP2013178655.

17        104.    As a result of the facts and allegations set forth above, there exists an actual, justi-

18  ciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on

19  the other, regarding whether any claim of the '996 patent is invalid.

20        105.    AUO is entitled to a judgment declaring that the claims of the '996 patent are invalid.

21                          **SIXTEENTH CLAIM FOR RELIEF**

22           **Declaratory Judgment of Invalidity of U.S. Patent No. 10,444,584**

23        106.    The facts and allegations contained in the preceding paragraphs are incorporated

24  herein by reference.

25        107.    The claims of the '584 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103,

26  and/or 112.  The claims of the '584 patent do not recite an inventive concept, method, or system

27  that was not already found in the prior art.  By way of example and without limiting AUO's rights

28  to later assert additional invalidity arguments, the '584 patent is invalid in light of the disclosure of

U.S. Pat. No. 8,766,263.  As another non-limiting example, AUO had at least one notebook product on sale before the earliest priority date of the '584 patent, the B101UAN02, that renders the '584 patent invalid.

108.    As a result of the facts and allegations set forth above, there exists an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '584 patent is invalid.

109.    AUO is entitled to a judgment declaring that the claims of the '584 patent are invalid.

### SEVENTEENTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,630,049

110.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

111.    The claims of the '049 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '049 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights to later assert additional invalidity arguments, the '049 patent is invalid in light of the disclosures of Chinese Pat. Pub. No. CN1282106, U.S. Pat. Pub. No. 2003/0058376, U.S. Pat. Pub. No. 2003/0137325 and/or Japanese Pat. Pub. No. JP2003174173.

112.    As a result of the facts and allegations set forth above, there exists an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '049 patent is invalid.

113.    AUO is entitled to a judgment declaring that the claims of the '049 patent are invalid.

### EIGHTEENTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,812,908

114.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

115.    The claims of the '908 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '908 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights

to later assert additional invalidity arguments, the '908 patent is invalid in light of the disclosures of U.S. Pat. Pub. No. 2004/0032557, U.S. Pat. Pub. No. 2003/0231149, and/or PCT Pat. Pub. No. WO2005/031448.

116.    As a result of the facts and allegations set forth above, there exists an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '908 patent is invalid.

117.    AUO is entitled to a judgment declaring that the claims of the '908 patent are invalid.

**NINETEENTH CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,816,693**

118.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

119.    The claims of the '693 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '693 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights to later assert additional invalidity arguments, the '693 patent is invalid in light of the disclosure of Korean Pat. Pub. No. KR1020050029019.

120.    As a result of the facts and allegations set forth above, there exists an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '693 patent is invalid.

121.    AUO is entitled to a judgment declaring that the claims of the '693 patent are invalid.

**TWENTIETH CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,039,852**

122.    The facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

123.    The claims of the '852 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  The claims of the '852 patent do not recite an inventive concept, method, or system that was not already found in the prior art.  By way of example and without limiting AUO's rights to later assert additional invalidity arguments, the '852 patent is invalid in light of the disclosure of

Korean Pat. Pub. No. KR1020050029019.  As another non-limiting example, AUO had at least one product on sale before the earliest priority date of the '852 patent, the A020BL01, that renders the '852 patent invalid.

124.    As a result of the facts and allegations set forth above, there exists an actual, justiciable, substantial, and immediate controversy between AUO, on the one hand, and Defendants, on the other, regarding whether any claim of the '852 patent is invalid.

125.    AUO is entitled to a judgment declaring that the claims of the '852 patent are invalid.

**PRAYER FOR RELIEF**

AUO respectfully requests that this Court enter judgment against Defendants as follows:

A.    A declaration that the AUO products and services do not infringe any claims of the '625 patent;

B.    A declaration that the AUO products and services do not infringe any claims of the '928 patent;

C.    A declaration that the AUO products and services do not infringe any claims of the '509 patent;

D.    A declaration that the AUO products and services do not infringe any claims of the '524 patent;

E.    A declaration that the AUO products and services do not infringe any claims of the '996 patent;

F.    A declaration that the AUO products and services do not infringe any claims of the '584 patent;

G.    A declaration that the AUO products and services do not infringe any claims of the '049 patent;

H.    A declaration that the AUO products and services do not infringe any claims of the '908 patent;

I.    A declaration that the AUO products and services do not infringe any claims of the '693 patent;

COMPLAINT FOR DECLARATORY
JUDGMENT

1    J.    A declaration that the AUO products and services do not infringe any claims of the

2  '852 patent;

3    K.    A declaration that the claims of the '625 patent are invalid;

4    L.    A declaration that the claims of the '928 patent are invalid;

5    M.    A declaration that the claims of the '509 patent are invalid;

6    N.    A declaration that the claims of the '524 patent are invalid;

7    O.    A declaration that the claims of the '996 patent are invalid;

8    P.    A declaration that the claims of the '584 patent are invalid;

9    Q.    A declaration that the claims of the '049 patent are invalid;

10    R.    A declaration that the claims of the '908 patent are invalid;

11    S.    A declaration that the claims of the '693 patent are invalid;

12    T.    A declaration that the claims of the '852 patent are invalid;

13    U.    That the Court find the case exceptional under 35 U.S.C. § 285;

14    V.    That the Court award AUO its attorney fees and costs; and

15    W.    That the Court award AUO such other and further relief as this Court or a jury may

16  deem just and proper.

17  Dated: February 27, 2026            By: */s/ Daniel T. Shvodian*
                                              M. Craig Tyler (*Pro Hac Vice pending*)
18                                            Texas Bar No. 794762
                                              CTyler@perkinscoie.com
19                                            PERKINS COIE LLP

20                                            Daniel T. Shvodian
                                              California Bar No. 184576
21                                            DShvodian@perkinscoie.com
                                              PERKINS COIE LLP
22
                                              R. Tyler Kendrick (*Pro Hac Vice pending*)
23                                            Washington Bar No. 55094
                                              RKendrick@perkinscoie.com
24                                            PERKINS COIE LLP

25                                            *Attorneys for Plaintiff*
                                              *AUO Corporation*
26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT