UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUO CORPORATION,

Plaintiff,

v.

TRIVALE TECHNOLOGIES, LLC, et al.,

Defendants.

Case No. 26-cv-01739-RFL

**ORDER GRANTING MOTION TO STRIKE UNDER CALIFORNIA'S ANTI-SLAPP STATUTE; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 32

Plaintiff AUO Corporation filed this action against Defendants Trivale Technologies, LLC and IPValue Management, Inc. The First Amended Complaint (Dkt. No. 30 ("FAC")) seeks a declaratory judgment of noninfringement and invalidity as to ten patents (Claims 1 through 20, the "Declaratory Judgment Claims") and asserts state law claims for tortious interference with a business relationship, tortious interference with a contract, and unfair competition under Cal. Bus. & Prof. Code § 17200 (Claims 21–23, the "State Law Claims"). The State Law Claims are premised on alleged correspondence from Defendants to AUO and to its customers asserting infringement of Trivale's patents. Defendants move to strike the State Law Claims under California's anti-SLAPP statute pursuant to the *Noerr-Pennington* doctrine, and seek dismissal on the same basis, arguing that the challenged conduct constituted protected prelitigation settlement demands. (Dkt. No. 32.) IPValue moves to dismiss the Declaratory Judgment Claims for lack of subject matter jurisdiction under Rule 12(b)(1) on the basis that it is not alleged to be the patent holder. (*Id.*) For the reasons explained below, the Motion to Strike is **GRANTED** and the Motion to Dismiss is **GRANTED** as to the Declaratory Judgment Claims

asserted against IPValue, and is otherwise **DENIED AS MOOT**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Motion to Dismiss the Declaratory Judgment Claims Against IPValue***. "In the area of patent infringement, in order for the court to exercise subject matter jurisdiction over any controversy, only the patentee," and those holding exclusionary rights have standing to adjudicate their rights under the patent. *Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, No. 10-cv-00129-JSW, 2010 WL 1691862, at *2 (N.D. Cal. Apr. 23, 2010); *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp*., 925 F.3d 1225, 1234 (Fed. Cir. 2019). "In a case brought as a declaratory relief claim, a district court must dismiss the complaint where the party sued" does not hold the requisite rights. *Id.* at *3. The FAC alleges that "Trivale purports to be the assignee of the Patents-in-Suit," and alleges on information and belief that IPValue has "an ownership interest in," "significant control over, and a significant financial interest in," the relevant patents. (FAC ¶¶ 12, 44, 49.)

Defendants raise a factual challenge to subject matter jurisdiction over the claims against IPValue under Rule 12(b)(1). *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014). They argue that "IPValue has never been an owner of the asserted patents" (Dkt. No. 32 at 19)[1] and submit a public record of the assignment agreement between Mitsubishi Electric Corporation and Trivale Technologies, dated February 8, 2021, involving the relevant patents. (Dkt. No. 32-2).[2] AUO does not submit any evidence of IPValue's ownership interest in response to Defendants' challenge. However, in its opposition brief, AUO states that IPValue may be an exclusive licensee of Trivale, and cites a news article suggesting that Trivale is simply a shell set up to shield IPValue from liability. (Dkt. No. 39 at 19–20).

[1] Citations to page numbers refer to ECF pagination.

[2] The Court need not take judicial notice of extrinsic evidence to consider it as part of a factual attack on a 12(b)(1) motion. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Resolving all disputes of fact in favor of AUO, it has not carried its burden of introducing "competent proof" that subject matter jurisdiction exists. *Leite*, 749 F.3d at 1122. It has introduced no evidence to support the conclusory allegation that IPValue has "an ownership interest" in the relevant patents sufficient to plead, much less show, AUO's standing to seek declaratory relief against IPValue. *See*, *e.g.*, *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, No. 18-cv-00373, 2021 WL 1378756, at *10 & n. 7 (S.D. Cal. Apr. 12, 2021) (bare allegations of ownership were insufficient to plead standing in a patent suit where the "record [was] . . . devoid of evidence indicating" ownership). Furthermore, assuming without deciding that Trivale's status as an "alter ego" of IPValue would be sufficient to confer standing to sue IPValue, this theory is not pled, and regardless, the single news article cited in the opposition brief does not satisfy AUO's burden of showing subject matter jurisdiction. Defendants' motion to dismiss the Declaratory Judgment Claims against IPValue is granted. However, AUO is granted leave to amend because, in light of the evidence introduced in opposition, it is not clear that AUO cannot truthfully amend to allege subject matter jurisdiction.

***Motion to Dismiss and Strike Under the* Noerr-Pennington *Doctrine*.** The State Law Claims are barred by the *Noerr-Pennington* doctrine. Under the doctrine, those who petition any department of the government for redress, including the courts, "are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006); *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420 F. Supp. 3d 966, 982 (N.D. Cal. 2019). Although "prelitigation settlement demands" are not themselves petitioning conduct, the Ninth Circuit has extended the doctrine to them "as a class" in order to "preserve the breathing space essential to the fruitful exercise of the right of petition." *Sosa*, 437 F.3d at 938–39. Because the entire factual basis for the State Law Claims are the letters and emails Defendants exchanged with AUO and its customers accusing them of infringement and discussing the validity of Trivale's patents (FAC ¶¶ 11–34, 140–157), the conduct at issue constitutes "prelitigation settlement demands."

AUO argues that even if the *Noerr-Pennington* doctrine applies, Defendants' conduct is

subject to the sham exception because (1) the infringement claims asserted in the demand letters were objectively baseless and (2) Defendants had an improper motive and were seeking to weaponize the litigation process. (Dkt. No. 39 at 10–11); *Sosa*, 437 F.3d at 934 ("[T]he *Noerr–Pennington* doctrine's 'sham litigation' exception [] requir[es] *both* objective baselessness and an improper motive." (emphasis in original)). "[I]n order to state a claim for relief" under the sham exception, "a complaint must include allegations of the specific activities" a defendant has engaged in that deprive it of *Noerr-Pennington*'s protection. *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Bd. of Culinary Workers*, 542 F.2d 1076, 1082 (9th Cir. 1976).[3] The FAC alleges that "Defendants sent letters to AUO's customers asserting that they infringe the same patents Defendants had already asserted against AUO," while failing to inform the customers of ongoing discussions with AUO, and failing to acknowledge AUO's obligation to indemnify the customers or the fact that Defendants could not recover twice as to the same infringing conduct. (*See*, *e.g.*, FAC ¶¶ 141–42, 44.) These allegations do not sufficiently plead baselessness or improper motive. Trivale could have sued the customers for infringement regardless of AUO's indemnification obligation, and AUO does not explain why Defendants would be obligated to affirmatively disclose to the customers the contents of Defendants' discussions with AUO or their assessment of AUO's indemnification obligations. The FAC also alleges that Defendants "voluntarily withdrew their assertions of multiple patents" in response to AUO's evidence that the patents were "invalid and/or not in-fringed by any AUO product." (*See*, *e.g.*, FAC ¶ 143.) But the fact that Defendants ultimately withdrew some of their infringement assertions after receiving more information, without more, does not suffice to support an inference that the demand letters were entirely baseless and served only to harass. *See AbCellera Biologics Inc. v. Bruker Cellular Analysis*, No. 20-cv-08624-JST, 2024 WL

[3] Neither *Sosa* nor any other binding authority supports AUO's argument that the "specific activities" pleading standard is inapplicable when the challenged conduct is prelitigation settlement demands because they are "conduct incidental to a petition," and not themselves petitioning conduct. (Dkt. No. 39 at 8–9.)

37213, at *5 (N.D. Cal. Jan. 2, 2024) (collecting cases finding that inclusion of some baseless claims in an otherwise meritorious suit would be insufficient to trigger the sham exception). The FAC does not, for example, claim that Defendants continued to harass the customers with claims that they had *already* withdrawn in their negotiations with AUO. In sum, the FAC lacks allegations of specific activities plausibly raising an inference of baselessness and improper motive sufficient to trigger the sham exception.

Because the State Law Claims are barred by the *Noerr-Pennington* doctrine, applying the anti-SLAPP statute, the claims arise from acts in furtherance of the Defendants' rights of petition, and AUO cannot demonstrate a probability of prevailing on the claims. *UCP Int'l Co. Ltd.*, 420 F. Supp. 3d at 982; *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1181 n. 3 (S.D. Cal. 2008) (*Noerr–Pennington* doctrine and California's anti-SLAPP statute are "analogous"). Accordingly, Defendants' motion to strike the State Law claims is granted. However, AUO is granted leave to amend, as this is the first ruling on the legal sufficiency of these claims, and the current record does not establish that further amendment would be futile. *See Cohodes v. MiMedx Grp., Inc.*, No. 22-cv-00368-RFL, 2024 WL 4353634, at *5 (N.D. Cal. Sept. 24, 2024) (applying Rule 15 futility analysis on an anti-SLAPP motion). As such, AUO's request for attorneys' fees and costs is not appropriate at this juncture and is therefore denied without prejudice to renewal. *See id.* Defendants' alternative Motion to Dismiss is denied as moot.[4]

***Conclusion***. For the reasons explained above, the Motion to Strike is **GRANTED** and the Motion to Dismiss is **GRANTED** as to the Declaratory Judgment Claims asserted against IPValue, and is otherwise **DENIED AS MOOT**. If AUO wishes to file an amended complaint correcting the deficiencies identified above, it shall do so by **<u>October 7, 2026</u>**. The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant

[4] This order does not reach Defendants' preemption argument or the alternative bases for striking the State Law Claims.

to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: September 16, 2026

RITA F. LIN
United States District Judge